WILL ROBINSON. ET AL. v. I. JACOBS.

No. 3838. Decided June 30, 1923.

(254 S. W., 309.)

**1.—Oil and Gas—Conveyance—Abandonment.**

The owner of land granted to another the oil and gas therein "for the purpose of drilling, mining and operating for minerals," on the discovery of which the conveyance was to be in full force, and effect for twenty-five years from the discovery . . . "and as much longer as oil . . . can be produced in paying quantities thereon." *Held* that, the conveyance being made for the purpose of mining, the title acquired by the discovery of oil was not an absolute one for twenty-five years, but determinable and subject to reversion to the grantor on grantee's abandonment of mining and operation. (P. 238).

**2.—Same.**

The grantee, having produced paying oil wells on the land, was still liable to lose his rights to mine during the twenty-five years by abandoning mining and producing thereon during that time. Facts here alleged and proved rendered the question of such abandonment one for the jury, in an action by the owner of the land to cancel the rights of the holder for such term of the conveyance of the oil for mining purposes. It was error to instruct verdict in his favor on the view that his rights had become absolute and not determinable. (P. 237).

**3.—Same—Conveyance of Land—Mineral Rights.**

Where the title of a grantee of minerals (oil) for mining purpose was subject to be lost and revert to the grantor by abandonment of mining operations one acquiring the fee from the owner took also the right to assert

against the mining operator such loss of his right by abandonment and the reversion of same to him as owner of the land. (Pp. 238, 239).

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Navarro County.

Jacobs sued Robinson and another, and appealed from judgment in favor of defendants on an instructed verdict. The judgment was reversed and the cause remanded (241 S. W., 241). Appellees obtained writ of error thereon.

*Richard Mays* and *R. E. Prince*, for plaintiffs in error.

The Court of Civil Appeals erred in holding that the title and right of plaintiffs in error could be lost by abandonment, it appearing from the facts that the express as well as implied conditions upon which the mineral estate was conveyed had been fully complied with. Davis v. Texas Co., 232 S. W., 549; Munsey v. Marnet Oil & Gas Co., 199 S. W., 689; Daugherty v. Texas Co., 107 Texas, 226; Southern Oil Co. v. Colquitt, 69 S. W., 169; Witherspoon v. Staley, 138 S. W., 1191; Staley & Barnsdall v. Derden, 121 S. W., 1136; Benavides v. Hunt, 79 Texas, 383; McAllister v. Texas Co., 223 S. W., 859; Pierce v. Oil Co., 225 S. W., 193; O'Neal v. Sun Co., 123 S. W., 172; Priddy v. Green, 220 S. W., 249.

Defendant in error is a stranger to the title to the mineral estate in controversy and can not recover same from plaintiffs in error, even though plaintiffs in error have no title thereto.

The property was not subject to forfeiture, based upon the alleged ground of abandonment, because of failure to pump wells for a period of time less than the statutory limitation, with no adverse claim thereto. The duty to pump the wells after reasonable development of the property is by reason of an implied covenant only. Appellant's remedy, if dissatisfied with the operation of the property, was to compel its proper operation by resort to equity or suit for damages, or both. Grubb v. McAfee, 109 Texas, 527; McCallister v. Texas Co., 123 S. W., 172; Pierce v. Oil Co., 225 S. W., 193; O'Neil v. Sun Co., 123 S. W., 172; Wade v. Madison, 206 S. W., 119; Harris v. Rather, 134 S. W., 755; Kachelmacher v. Laird, 92 Ohio St., 333, 110 N. E., 35; Harris v. Oil Co., 57 Ohio St., 131, 48 N. E., 506; Poe v. Ulrey, ,33 Ill., 65, 84 N. E., 46; Kleppner v. Lemon, 176 Pa., 511, 35 Atl., 109; Kleppner v. Lemon, 198 Pa., 581, 48 Atl., 483; Texas Co. v. Daugherty, 107 Texas, 226; Benavides v. Hunt, 79 Texas, 383; Priddy v. Green, 220 S. W., 249; Davis v. Texas Co., 232 S. W., 549, 27 Cyc., 687, 688, with copious citation of authority.

If the court should be of the view contrary to that contended for by appellees, then we contend that the testimony was insufficient to

raise such an issue as to abandonment as ought to have carried same to the jury, and the trial court committed no error in directing the jury to return a verdict for appellees. Benavides v. Hunt, 79 Texas, 383; Fisher v. Crescent Oil Co., 178 S. W., 907; Marnet Oil & Gas Co. v. Munsey, 232 S. W., 867; Decker v. Kirlicks, 110 Texas, 90; Mc-Callister v. Texas Co., 223 S. W., 859; Pierce v. Oil Co., 225 S. W., 193; Tickner v. Luse, 220 S. W., 578.

There was in this case no issue of abandonment, because abandonment *in pais,* in the absence of a writing cannot apply to a legal title to land, and for the same reason, there could be no surrender by parol, because the legal title to land cannot be surrendered or re-vested by a parol or verbal agreement. The doctrine is too firmly established in this State for question. Dial v. Crain, 10 Texas, 444; Sprague v. Haines, 68 Texas, 216; Masterson v. Little, 75 Texas, 682, 697; Thornton's Law of Oil & Gas, 3rd Ed., Vol. 1, Sec. 165. The rule is elementary.

*Mr. Presley K. Ewing,* as *amicus curiae,* filed argument and citation of authorities in support of the position of plaintiffs in error. See, for same, briefs in case of Texas Co. v. Davis, post, p. 323.

*Callicutt & Johnson* and *Clark & Sweeton,* for defendant in error.

The Court erred in peremptorily instructing the jury to return a verdict for the defendants and intervener, because under the undisputed evidence and the law of the case, the plaintiff is entitled to recover, the evidence showing that the oil lease under which the defendants and intervener claim had long since been abandoned, and that the defendants, and intervener had no right or interest in the property in controversy. Munsey v. Marnet Oil & Gas Co., 199 S. W., 689; Grubb v. McAfee, 212 S. W., 464; Guffey Petroleum Co. v. Oliver, 79 S. W., 884; Owens v. Petroleum Co., 169 S. W., 192; Superior Oil & Gas Co. v. Mehlin, 138 Am. St., 942; Huggins v. Daley, 99 Fed., 606; Benavides v. Hunt, 79 Texas, 383; Emory v. League, 31 Texas Civ. App., 474, 97 Texas, 631; Bay State Petroleum Co. v. Penn. Lubricating Co., 87 S. W., 1102; Witherspoon v. Staley, 156 S. W., 559; Rawlins v. Armel, 70 Kansas, 778, 79 Pac., 683; Dickey v. Coffeyville Brick Co., 76 Pac., 398; Ahrns v. Chartiers Valley Gas Co., 188 Pa. St., 249; Bartley v. Phillips, 179 Pa. St., 175; Karns v. Tanner, 66 Pa. St., 297; Ohio Oil Co. v. Detamore, 165 Ind., 243, 73 N. E., 906, 27 Cyc., 739; Black on Rescission and Cancellation, Vol. 2, Section 471; Thornton, Law of Oil & Gas, Vol. 1, Section 188.

It seems to be contended that the question of abandonment cannot arise in a case of this kind; that the instrument in question is an

unqualified conveyance outright of the legal title to the mineral under the land and that, in such a case, nothing short of adverse possession and facts showing limitation under the statute is sufficient to sustain abandonment. The instrument under consideration is not subject to the construction contended for. Instruments covering mineral rights belong to one of three classes; first, a mere option to prospect for minerals, which is not binding upon either party unless a consideration is paid for the same, Nat'l. Oil & Pipe Line Co. v. Teel, 67 S. W., 545, 68 S. W., 979, 95 Texas, 586; second, a lease in which the lessee is under obligation, either expressly or impliedly, to continue to develop the property, Grubbs v. McAfee, 212 S. W., 464; third, an unqualified conveyance of the minerals outright upon an independent and an adequate consideration, Plummer v. Hillside Coal Co., 104 Fed., 208. The lease in this case, as interpreted by the parties and modified by the additions thereto, comes squarely within the first class above mentioned. Wilmore Coal Co. v. Brown, 147 Fed., 945, 153 Fed., 146; Paine v. Griffiths, 86 Fed., 454; Texas Co. v. Daugherty, 176 S. W., 717.

It is universally held that any character of leasehold interest has that effect. Dority v. Dority, 96 Texas, 215; T. & P. Ry. Co. v. Durrett, 57 Texas, 48; H. & T. C. Ry. Co. v. Cluck, 72 S. W., 83; Parsons v. Hunt, 98 Texas, 420, 84 S. W., 644; Speer on Marital Rights, Sections 226 & 410; Benavides v. Hunt, 79 Texas, 383; Stark v. J. M. Guffey Pet. Co., 98 Texas, 542; Gilmore v. O'Neil, 107 Texas, 18, 173 S. W., 203; Griffin v. Bell, 202 S. W., 1034; Haynie v. Stovall, 212 S. W., 792; Priddy v. Green, 220 S. W., 243, 248; Maynard v. Gilliam, 225 S. W., 818; Pantaze v. McDill, 228 S. W., 962; Texas Co. v. Tankersley, 229 S. W., 672; Canon v. Scott, 230 S. W., 1042; State v. Coal Co., 73 So., 5; Millican v. Fauk, 20 So., 594; Graciosa Co. v. County, 99 Pac., 483; Chandler v. Hart, 119 Pac. 516; Benfield v. Stevens, 17 Ont. Pr., 339; Haven v. Hughes, 27 Ont. App., 1; McIntosh v. Leskie, 13 O. L. R., 54; Cannadian Co. v. Williams, 21 O. L. R., 472; Appeal of Sanford, 54 Atl., 739; Hyatt v. Vincennes Bank, 28 L. Ed., 1009; Moore v. Sawyer, 167 Fed., 826; Lindlay v. Raydure, 239 Fed., 928; Shaffer v. Marks, 241 Fed., 193; Poe v. Ulrey, 84 N. E., 46; Watford v. Shipman, 84 N. E., 53; Calame v. Paisley, 130 N. E. 310; Heller v. Daley, 63 N. E., 490; Wolfe v. Beckett, 105 S. W., 447; Franklin Co. v. Coal Co., 23 Pac. 630; Robinson v. Smalley, 171 Pac., 1155; White v. Green, 173 Pac. 974; Rives v. Gulf Co., 62 So., 623; Boone v. Stover, 66 Mo., 430; Harris v. Oil Co., 48 N. E., 502, 506; Brown v. Fowler, 63 N. E., 76; Gas Co. v. Eckert, 71 N. E. 281; Funk v. Haldeman, 53 Pa. St., 229; Brown v. Beecher, 15 Atl., 608; Kelly v. Keys, 62 Atl., 911; Barnsdall v. Bradford, 74 Atl., 207, 26 L. R. A. (N. S.), 614; McKean Co. v. Wolcott, 98 Atl., 955; Advance Co. v. Copper Co., 109 Atl., 771; Bates v. Georgia Co., 229 S. W., 153. In

other words, one cannot claim the benefits and repudiate the burdens—cannot claim the mineral rights while refusing to prosecute the enter-. prise from which the other party is to receive substantially all the benefits coming to him under the contract. Watford v. Shipman, 233 Ill., 9, 122 Am. St. Rep., 144; Parish v. Bridgewater, 51 W. Va., 583; Soaper v. King, 180 S. W., 46; Gray v. Spring, 129 La., 345, 56 So., 306; Grubbs v. McAfee, supra; Clutter v. Oil Co., 233 S. W., 322; Paine v. Griffiths, supra; Brown v. Wilmore Coal Co., supra; Chandler v. Hart, 161 Cal., 405; Note to Ann. Cases, 1917-E, p. 1146.

It is insisted, however, that forfeitures are not favored in law, and that abandonment, being a species of forfeiture, ought to be in disfavor to the same extent as forfeitures ordinarily are. This rule does not apply to oil and gas leases. Forfeitures of such leases are very much favored. Such leases are construed most strongly against the lessee. Clutter v. Oil Co., 233 S. W., 322, and authorities cited; Hitson v. Gilman, 220 S. W., 144, and authorities cited; Leonard v. Caruthers, 236 S. W., 189; Soaper v. King, supra. In the construction of an oil lease, ambiguous upon its face, the rule is otherwise, Decker v. Kirlicks, 216 S. W., 385, but, in relation to all matters wherein obligations, plain and unambiguous, are imposed upon the lessee, whether express or implied, forfeitures for non-performance are very much favored. See authorities above cited. And, abandonment is but a species of forfeiture. Fisher v. Crescent Oil Co., 178 S. W., p. 908.

Mr. Justice GREENWOOD delivered the opinion of the court.

As presented by amended pleadings, this was a suit instituted by defendant in error against plaintiffs in error to cancel a conveyance of oil, gas and other minerals in 102-4/10 acres of land in Navarro County and to recover damages.

It was alleged by defendant in error that J. A. Thompson, the owner, leased 160 acres of land which embraced the 102-4/10 acres to P. M. Lea in 1907; that said lease was executed for the purpose of exploring said land for oil and operating for and mining the minerals thereon, for a term of twenty-five years, reserving to the lessor a royalty of one-eighth the oil produced; that Lea assigned his rights to plaintiffs in error Will Robinson and Mrs. A. S. Robinson in 1910; that plaintiff in error, Howard Marr, claimed to have purchased the rights of plaintiffs in error Will Robinson and Mrs. A. S. Robinson during the pendency of this suit; that while Lea owned the oil lease he had drilled several oil wells, which produced oil in paying quantities, but that for a long time before the suit was brought none of the wells had been operated, and the wells and lease had been completely abandoned; that wells on adjacent lands had drained the oil from defendant in error's land to his damage.

The plaintiffs in error filed an answer containing a general denial, a plea of not guilty, and a special plea that they owned the minerals and incidental rights in the land in fee simple, under an executed contract, being under no obligation with respect to drilling wells or producing minerals in order to maintain their rights. Plaintiffs in error also specially denied that they had abandoned or had intended to abandon their rights under the contract.

By direction of the District Court, a verdict was returned for plaintiffs in error, over defendant in error's objections, on which judgment was entered that defendant in error take nothing by his suit. On appeal, the Dallas Court of Civil Appeals, in an able opinion of Special Justice Jones, announced the conclusion that the rights granted Lea and his assigns were of such a nature that they could be lost by abandonment, and, that the evidence made the issue of abandonment one for determination by the jury, and hence there was error in the peremptory charge against defendant in error. The Court of Civil Appeals reversed the judgment of the district court and remanded the cause for a new trial. 241 S. W., 241.

It was proven that Thompson, being the owner of the 102-4/10 acres of land, executed an instrument to Lea, as follows:

"Know all men by these presents that Jno. A. Thompson, the party of the first part, in consideration of the sum of $1.00 paid by P. M. Lea, the party of the second part, the receipt of which is hereby acknowledged, and the further consideration hereinafter mentioned, have granted, bargained, sold and conveyed, and by these presents do grant, bargain, sell and convey, unto the said party of the second part his heirs or assigns, all of the oil, gas, and coal and other minerals in and under the following described land, together with the right of ingress and egress at all times for the purpose of drilling, mining, and operating for minerals and to conduct all operations and to lay all pipe necessary for the production, mining and transportation of the oil, gas, water, coal, or other minerals, with the right to use sufficient water, gas, or oil to operate said property, and shall have the right to remove all fixtures, machinery, and improvements placed thereon at any time, reserving, however, to the party of the first part one-eighth of all oil produced and saved upon said premises, to be delivered in tank or pipe lines to the credit of the party of the first part free of charge. If gas or other minerals are found, second party agrees to pay the first party one-eighth of the product each year, payable quarterly, for the product of each well while the same is being used off the premises, and the party of the first part, by furnishing his own pipe and connections, shall have sufficient gas free of cost for use in one dwelling house on the premises so long as the gas is utilized off the premises, but at his own risk. Whenever first party shall request it, second party shall bury all oil and gas lines and

pay all damages done to the growing crops by reason of burying and removing same. No well shall be drilled within ———— feet from any building now on said premises without the consent of the first party. Said land being of the following description, to-wit: (here follows description of the 160 acres). To have and to hold the above-described premises unto the said party of the second part, heirs and assigns, on the following conditions: In case operations for either the drilling of a well for oil or mining for other minerals are not begun and prosecuted with due diligence within 60 days from this date, then this grant shall immediately become null and void as to both parties. In case the party of the second part should bore and discover either water, oil, or other minerals, then in that event this lease, incumbrance or conveyance shall be in full force and effect for twenty-five years from the time of the discovery of said product and as much longer as oil, water, gas, or other minerals can be produced in paying quantities thereon. Whenever sales are being made of the product on the land above described a settlement thereof shall be made at the end of each quarter. This lease is not intended as a mere franchise, but is intended as a conveyance of the property above described for the purposes herein mentioned, and it is so understood by both parties to this agreement. It is understood between the parties to this agreement that all conditions between the parties hereunto shall extend to their heirs, executors, administrators, and assigns. Witness our hands this the 20th day of March, A. D., 1907.''

The proof showed that defendant in error acquired the title of Jno. A. Thompson to the 102-4/10 acres of land, and that plaintiffs in error are the assigns of P. M. Lea.

The uncontradicted evidence disclosed that operations for drilling a well for oil were begun by Lea within 60 days from the date of the lease and were prosecuted with diligence. Lea drilled a number of producing wells on the 102-4/10 acres.

We approve the conclusion of the Court of Civil Appeals that the evidence raised an issue of fact, for the jury's determination, as to whether the estate once owned by P. M. Lea had been lost by abandonment. The action of that court in reversing the trial court's judgment for error in peremptorily directing a verdict against defendant in error was therefore correct, unless we should sustain plaintiffs in error's earnest contention that Lea and his assigns, on the completion of a well producing oil in paying quantities, as expressly stipulated for in the writing, acquired an absolute, indefeasible title to the oil, with incidental rights, for a term of twenty-five years from the time the oil was discovered and as much longer as oil could be produced in paying quantities, and that such title could not be lost by abandonment.

Thompson granted nothing save for purposes of mineral exploration and production. He was careful to insert a stipulation in the writing he signed to the effect that such was the understanding of both parties. There was a possibility of endless mineral production, with profit, so that the grant might continue forever. The intent is as plain from all the terms of the instrument as if it had been expressly declared that the land was to be used for no other purpose than for mineral exploration, development and production, and that on termination of such use nothing should be held or owned under the grant. Hence, the grant passed no absolute fee. It created a determinable fee, leaving a possibility of reverter to the grantor or his assigns. Abandonment of the enterprise, which it was the sole object and purpose of the grant to accomplish, would necessarily end the estate created by the grant. Stephens County v. Mid-Kansas Oil & Gas Co., decided today, 113 Texas, 160, 254 S. W., 290; 4 Kent's Commentaries, pp. 8, 9; 1 Tiffany's Real Property, 334; 21 C. J., 922.

We construed and determined the legal effect of a grant in substantially the language of that here involved in the case of The Texas Company v. Davis, 113 Texas, 321, 254 S. W., 304. We determined in the Davis case that the obligations of the grantee were not fulfilled by merely proving the existence of minerals which could be profitably mined, and, that thereafter the grantee could not abandon production of the minerals and enjoy or hold an estate under the grant. Further discussion of this question is rendered unnecessary by the opinions in that case and in the case of Stephens County v. Mid-Kansas Oil & Gas Company, supra.

Plaintiffs in error contend that defendant in error wholly failed to show any title to, or interest in, the minerals in the land. Defendant in error has a regular chain of title to the land, containing the minerals, under Thompson, who executed a general warranty deed to the 102-4/10 acres unto a remote vendor of defendant in error, subsequent to the date of the grant to Lea. At the date Thompson executed the warranty deed, he owned the possibility of reverter qualifying the estate of Lea or of his assigns. By Thompson's deed, subsequent to the grant to Lea and his assigns, that certainly passed. Defendant in error having acquired this possibility of reverter, cessation of use of the property for the purposes of the grant, or abandonment of the contemplated mineral exploration and production, enured to the benefit of defendant in error, just as such cessation of use or abandonment would have enured to the benefit of Thompson but for his warranty deed. McBride v. Farmers' & Merchants Gin Co., 152 S. W., 1135; Slegel v. Lauer, 148 Pa. St., 245. Besides, if it could be said that Thompson acquired an estate in the minerals or land, subsequent to the date of his deed with covenant of warranty, the

same passed eo instanti to his warrantee. Baldwin v. Root, 90 Texas, 553; Donnell v. Otts, 230 S. W., 864.

The pleadings and evidence raise the issue of termination of plaintiffs in error's title and rights, through cessation of use for the purpose of the grant, whether or not defendant in error should prevail on the issue of abandonment. We conclude, however, that the issue ought not to be determined here as one of law, it seeming probable that the evidence has not been fully developed.

It is ordered that the judgment of the Court of Civil Appeals be affirmed and that the cause be remanded to the District Court for further proceedings in accordance with this opinion.

*Affirmed and remanded to District Court.*