REYNOLDS et al. v. McMAN OIL & GAS CO. et al. (No. 55.)

(Court of Civil Appeals of Texas. Eastland. Feb. 5, 1926.)

1. Evidence ⊜⊃448—Where lease contract unambiguous, parol evidence was inadmissible to show that casinghead gas was not conveyed.

Where provision of oil and gas lease that lessee was to pay for gas produced and used off the premises at rate of $100 a year was unambiguous, parol evidence 'was inadmissible to show that casinghead gas was not conveyed.

2. Appeal and error ⊜⊃175—Considering issue · waived in trial court and on appeal held error.

It was error to consider issue raised by pleadings and defendants' admission as to plaintiffs' right to recover one-eighth of value of gasoline manufactured from casinghead gas, where such issue was waived by plaintiffs both in trial court and on appeal.

3. Appeal and error ⊜⊃672—Appeal from instructed verdict raises question of fundamental· error.

Appeal from an instructed verdict raises question of fundamental error.

4. Appeal and error ⊜⊃882(1)—Party inducing court to act on certain assumption cannot thereafter say assumption was not correct.

Where a party induces the court to act on a certain assumption, he will not thereafter be heard to say that the assumption is not correct.

5. Appeal and error ⊜⊃883—Consenting to submission of case on certain issues waives all others.

Plaintiff consenting to submission of case to jury on certain issues waives all others.

6. Appeal and error ⊜⊃882(14)—Party inducing submission of case to jury cannot claim there was no evidence justifying submission.

Party inducing submission of case to jury cannot claim there was no evidence justifying court's action in so doing.

Error from District Court, Eastland County; E. A. Hill, Judge.

Action by· Mrs. S. E. Reynolds and others against the McMan Oil & Gas Company and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

Wm. J. Berne, of Fort Worth, for plaintiffs in error.

Thompson, Barwise & Wharton, of Fort Worth, and Funderburk & Richardson and Scott, Brelsford, Ferrell & Brelsford, all of Eastland, for defendants in error.

PANNILL, C. J. At a former day of this term, judgment in this case was reversed and the cause remanded for a new trial. Defendants in error have filed a vigorous motion for rehearing, which we think must be sustained for the reasons hereinafter stated. The sustaining of this motion renders much that was

said in the original opinion immaterial, and it is therefore withdrawn and the following substituted:

Plaintiffs sued to recover the value of gasoline manufactured from casinghead gas produced from certain leases executed by them to W. T. Garrett and assigned to defendants. The recovery was sought on two grounds: That the royalty provision, hereinafter referred to, in regard to "gas produced from an oil well and used off the premises," was ambiguous, and that parol testimony was admissible to show that the true intention of the parties was that casinghead gas was not conveyed, and in the alternative to recover the one-eighth royalty therefor on the basis of oil.

The pertinent provisions of the leases are:

(1) "Witnesseth that the said lessors for and in consideration of the sum of twenty nine thousand five hundred and forty-four ($29,-544.00) dollars cash in hand paid, the receipt of which is hereby acknowledged and of the covenants and agreements hereinafter contained on the part of the lessee to be paid, kept and performed, has granted, conveyed, demised, leased and let and by these presents do grant, convey, demise, lease and let unto the said lessee for the sole and only purpose of mining and operating for oil and gas and of laying pipe lines and of building tanks, powers, stations and structures thereon to produce, save and take care of said product, all that * * *."

(8) "Third. To pay the lessor for gas produced from any oil well and used off the premises at the rate of $100 per year for the time during which such gas shall be used, said payment to be made each three months in advance."

The leases contained the usual royalty provision for one-eighth of the oil.

Defendants interposed, among other defenses, that of occupying the position of innocent purchasers. Upon the trial plaintiffs tendered proof to support the allegation that the gas was conveyed for fuel and drilling purposes only. This testimony was excluded as violating the parol evidence rule and because notice was not brought to defendants. Defendants then admitted that by the use of vacuum pumps and other appliances casinghead gas was artificially extracted from said wells and manufactured into gasoline and same sold for approximately $770,000, for which no accounting had been made. A verdict was then directed for defendants in error.

[1] The case has been briefed and submitted here by the parties as presenting but one question, and that is whether the royalty provision as to gas from an oil well above quoted is ambiguous and renders parol testimony admissible so as to show the true intention of the parties with respect to gas produced from such wells. In two very voluminous, exhaustive, and learned briefs, plaintiffs in error have cited many authorities to sustain their contention, but it is believed that these authorities have no application to the question presented. It has been held by the Supreme Court, in a great number of cases having under consideration almost every conceivable form of an oil and gas lease, that such leases, regardless of form, which confer upon the lessee the exclusive right to enter upon the premises and take the minerals therefrom, constitute a conveyance to the lessee of the oil and gas in place. Stephens County v. Mid-Kansas Oil & Gas Co., 113 Tex. 160, 254 S. W. 290, 29 A. L. R. 566; Humphreys-Mexia Co. v. Gammon, 113 Tex. 247, 254 S. W. 296, 29 A. L. R. 607; Texas Co. v. Davis, 113 Tex. 321, 254 S. W. 304, 255 S. W. 601; Robinson v. Jacobs, 113 Tex. 231, 254 S. W. 309. This holding has been uniformly declared by the Commissions of Appeal with the approval of the Supreme Court in the following cases: Caruthers v. Leonard, 254 S. W. 779; Queen v. Turman, 257 S. W. 1092; Jones v. O'Brien, 251 S. W. 208; Deaton v. Rush, 113 Tex. 176, 252 S. W. 1025.

In Texas Co. v. Davis, supra, 113 Tex. 321, 254 S. W. 304, 255 S. W. 601, it is said on motion for rehearing that the provision in the lease for annual payments of $10 each was inserted in the lease, not to change the estate granted, but merely to enable the lessee to postpone drilling after two years. If it were conceded that the royalty provision referred to was ambiguous, this would not, it seems, affect the estate granted, but would only permit parol evidence as to the meaning of the words used with reference to the royalty to be paid under such provision, and therefore such cases as Smith v. Doak, 3 Tex. 215; Gibson v. Texas Co. (Tex. Civ. App.) 239 S. W. 671; Kelly, etc., Co. v. London, 59 Tex. Civ. App. 208, 125 S. W. 974; Kingsbury v. Carothers (Tex. Civ. App.) 27 S. W. 15; Gray v. Merritt (Tex. Com. App.) 276 S. W. 187, do not apply, as the ambiguity there under consideration affected the substantial rights conferred by the contracts under consideration.

To hold that evidence should be admitted to prove that the leases here considered did not convey that which by their plain terms they did convey, under the decisions of the Supreme Court referred to, would certainly violate the parol evidence rule.

[2, 3] In disposing of the case originally, it was held that under the decision in Livingston Oil Corporation v. Waggoner (Tex. Civ. App.) 273 S. W. 903 (writ of error denied), an issue was raised under the pleadings and the admission referred to, as to plaintiffs' right to recover one-eighth of the value of the gasoline manufactured from such casinghead gas, and that such error was fundamental, requiring a reversal. Upon further consideration, the conclusion has been reached that there was error in considering this issue, because it has been distinctly waived by plaintiffs in error, both in

the trial court and here. But for such waiver, the former ruling would have been a correct one. The question is fundamental, and among the assignments copied in the brief is one (though not briefed) to the court's action in directing the verdict. The defendants in error's admission is shown in the bill of exception, and thus appears upon the face of the record without the necessity of examining the statement of facts.

The bill of exceptions, to the court's action in excluding the parol testimony offered by plaintiffs as shown above, contains the following:

"After argument in which the plaintiffs admitted that it would be necessary for them to show that defendants had notice of the terms of the contract and representations that plaintiffs claimed to have been made, and if plaintiff failed to show notice to defendants of the terms of said complete contract and representations, it would be the duty of the court to instruct a verdict for defendants."

In plaintiffs' brief is found the following observation:

"There are but two questions in this court, namely: (1) Are Garrett's declarations provable, despite the parol evidence rule? If not, the case ends there."

Upon oral submission, the attention of plaintiffs' counsel was directed to the case of Livingston v. Waggoner, supra, and counsel then disclaimed any reliance upon it and declared that such a doctrine had no application to the case presented by plaintiffs in error.

[4-6] It has often been declared that where the trial is upon a certain assumption or theory and briefed in the appellate court thereon, it will be decided upon the same hypothesis. McCamey v. Hollister (Tex. Civ. App.) 241 S. W. 689; Penn v. Briscoe County (Tex. Civ. App.) 162 S. W. 916; 3 C. J. page 735. The further rule is that where a party induces the court to act upon a certain assumption, such party will not thereafter be heard to say that the assumption is not correct, as in presenting a technical demurrer to the evidence, Railway v. Templeton, 87 Tex. 42, 26 S. W. 1066; inducing submission on a particular theory, Boswell v. Pannell, 107 Tex. 433, 180 S. W. 593; plaintiff consenting to submission of case to jury on certain issues waives all others, Texas Transportation Co. v. Winters (Tex. Com. App.) 222 S. W. 541; G., H. & S. A. Ry. v. Price (Tex. Com. App.) 240 S. W. 524; party inducing submission of case to jury cannot claim there was no evidence to justify court's act in so doing; Lake et al. v. Jones Lumber Co. (Tex. Civ. App.) 233 S. W. 1011; Dallas, etc., Club v. Nash (Tex. Civ. App.) 202 S. W. 1032.

Applying the principle above stated to this record, it is clear that the course adopted by plaintiffs waived all questions presented to the trial court, except the claimed right to recover the value of the casinghead gas, because not embraced in the conveyance executed by them.

Having, as we believe, correctly decided that plaintiffs could not by parol evidence establish a right to recover the very substance named in the grant, and that parol testimony was not admissible to prove that there was an agreement not to convey that which by the plain terms of the writing there was conveyed, it follows appellees' motion for rehearing should be granted, and it is so ordered, and the judgment of the trial court is affirmed.