### HENDERSON v. LITTLE.
#### No. 6209.

Court of Civil Appeals of Texas.
Amarillo.

Feb. 25, 1952.

Rehearing Denied March 24, 1952.

ed a conveyance of this one-half mineral interest to her brother, R. F. Henderson. The warranty deed to Marion Little was filed of record prior to the recordation of the mineral deed from W. B. Saulsbury to his son, W. G. Saulsbury. There is no dispute between the parties as to the facts as outlined.

Appellee, Marion Little, sued appellant, R. F. Henderson, in trespass to try title to recover this one-half mineral interest. The cause was tried before the court and judgment entered for appellee. Appellant perfected his appeal and relies on three points of error for reversal of the judgment of the trial court. These three points will be discussed in the order of their filing.

Appellant's first point is that the trial court erred in not holding that plaintiff was bound by alleged admission made by her in testimony given in the cause. Appellant contends that the execution and delivery of the warranty deed by W. B. Saulsbury to Marion Little and the execution and delivery by W. B. Saulsbury of the mineral deed to his son, W. G. Saulsbury, were a part of the dissolution of the partnership of W. B. Saulsbury and Burl Little, husband of Marion Little, and said deeds should be construed together as executed to accomplish a single purpose. It is his contention that Marion Little admitted this fact and is bound thereby. He bases such contention on Marion Little's answer of "yes" to the following question propounded to her on cross-examination: "Q. And this transaction was a part of that dissolution of their business relationship, isn't that true?" Other pertinent testimony sustaining the trial court on the issue is not quoted here.

The trial court's findings of fact state that the general warranty deed was made by W. B. Saulsbury and wife to Marion Little as a part of the dissolution of the business relation of W. B. Saulsbury and Burl Little and in connection with the various transactions in regard to the winding up of that business relationship. Under the record, it is apparent that the trial court found that "transaction" as shown in the testimony quoted in the above paragraph

Cade & Bowlin, Lubbock, for appellant.

Hackney & Crawford, Brownfield, for appellee.

MARTIN, Justice.

On May 5, 1932, W. B. Saulsbury and wife executed and delivered to appellee, Marion Little, a general warranty deed to a one-half section of land in Terry County, Texas. There was no reservation or exception of any mineral interest in this deed. By mineral deed dated May 5, 1932, W. B. Saulsbury conveyed to his son, W. G. Saulsbury, an undivided one-half of the minerals and oil and gas in and under the same one-half section of land. By mineral deed dated January 12, 1948, W. G. Saulsbury and wife reconveyed to W. B. Saulsbury the same one-half mineral interest. By mineral deed dated May 5, 1950, Ella Marie Saulsbury, a widow, individually and as independent executrix of the estate of W. B. Saulsbury, deceased, execut-

referred solely to the warranty deed and dissolution of the partnership business of W. B. Saulsbury and Burl Little and not to the mineral deed executed by W. B. Saulsbury to his son. Under such finding there would be no admission by Marion Little as contended by appellant. The trial court's finding of fact is supported by the evidence in the cause and cannot be disturbed here. Cavanaugh v. Davis, Tex.Sup., 235 S.W.2d 972, Syls. 6–8. Appellant's point one is overruled.

■■ Appellant's second point is that the trial court erred in refusing to construe together as one instrument two deeds executed on the same date in the accomplishment of a single purpose. It is appellant's contention that the warranty deed to Marion Little and the mineral deed to W. G. Saulsbury were executed by W. B. Saulsbury to accomplish the single purpose of dissolution of the partnership business of W. B. Saulsbury and Burl Little. The trial court found that W. G. Saulsbury was not a partner or associate of either W. B. Saulsbury or Burl Little, and that the mineral deed was not shown to have been given in connection with the act, or for the purpose of dissolving the previously existing business relationship existing between Burl Little and W. B. Saulsbury. The court further found that the evidence did not show that either Mr. or Mrs. Little were present at the time of the execution of the mineral deed or that either of them had knowledge of such deed. These findings of fact, and other findings upon which the court's judgment is based, are supported by the evidence and bind the Appellate Court. Cavanaugh, v. Davis, supra. "but the rule, that where a written contract is in several parts and all are executed at the same time it is but one contract, cannot be applied to separate and distinct papers executed and signed by different parties and imposing different obligations on the parties executing them." 17 C.J.S., Contracts, § 58, page 409. "Independent contracts, between different parties, and not made with reference to each other, may not be construed together, though one refers to the other." 10 Tex. Jur. § 166, p. 288. General Bonding & Casualty Ins. Co. v. McQuerry, Tex.Civ.App.,

191 S.W. 858. Appellant's second point is overruled.

■ Appellant's third point is that the trial court erred in holding "that a previously severed mineral estate could be merged with the surface title by after acquired title to said mineral estate by the original grantor." An adjudication of this point can be had by application of settled principles of law to the undisputed facts in the cause as outlined in the opening paragraph herein. On the undisputed facts in the cause, the trial court correctly held that the covenant of general warranty in the deed from W. B. Saulsbury and wife to appellee, Marion Little, passed the subsequently acquired title to one-half the minerals and that all persons in privity with the grantor were estopped to deny the conveyance without reservation as executed and delivered to Marion Little, appellee. This ruling of the trial court, in itself, disposes of the issues in the cause and title to the one-half mineral interest at issue was properly vested in the appellee. 31 C.J.S., Estoppel, § 21, page 203; 19 Am.Jur. § 16, p. 614; Robinson v. Jacobs, 113 Tex. 231, 254 S.W. 309; Freis, et ux v. Schuette, Tex.Civ.App., 222 S.W.2d 1006; Jackson v. Jackson, Tex. Civ.App., 114 S.W.2d 644; Breen v. Morehead, Tex.Civ.App., 126 S.W. 650, affirmed 104 Tex. 254, 136 S.W. 1047; Duhig v. Peavy-Moore Lumber Co., Inc., 135 Tex. 503, 144 S.W.2d 878; Houston Oil Co. of Texas v. Village Mills Co., Tex.Com.App., 241 S.W. 122, Syl. 4. Appellant's third point is overruled.

There is merit to appellee's cross-assignment that the prior recordation of the warranty deed by Marion Little without notice of the mineral deed was conclusive on the issue of title. Art. 6627, Vernon's Annotated Civil Statutes; Houston Oil Co. of Texas v. Village Mills Co., Tex.Com. App., 241 S.W. at page 131 [16], supra; Hooks v. Neill, Tex.Civ.App., 21 S.W.2d 532, Syl. 9. Under the ruling on appellant's third point this assignment is not required as to a correct adjudication of the issues here.

The judgment of the trial court is affirmed.