**J. L. LADD et al., Appellants,**

v.

**Frank F. DU BOSE, Appellee.**

No. 7026.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 20, 1961.

Rehearing Denied March 20, 1961.

Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, for appellants.

Underwood, Wilson, Sutton, Heare & Berry, Amarillo, for appellee.

CHAPMAN, Justice.

This case presents questions of ownership of an undivided one-fourth mineral interest in Sec. 40, Block A–3, H. & G. N. R. R. Co. Survey, Wheeler County.

Appellants, J. L. Ladd and wife, Dollie Ladd and Lavenia Sheppard and husband, J. Hall Sheppard conveyed by general warranty deed dated December 8, 1947 the described section of land to appellee, Frank F. DuBose. That part of the language of the deed pertinent hereto, and that part giving rise to the controversy reads as follows:

"Have granted, sold and conveyed, and by these presents do grant, sell and convey unto the said Frank F. DuBose of the County of Wheeler, State of Texas all that certain tract or parcel of land situated in Wheeler County, Texas, the same being all of Section 40, Block A–3, H&GN RR Co. Survey, containing 670 acres of land, more or less.

"It is agreed and understood that a one-fourth mineral interest has been heretofore sold and it is further understood and agreed that a one-fourth mineral interest in said land together with the right of ingress and egress thereon, is reserved to the grantors, their heirs and assigns, and is excepted from this grant.

"It is the intention of this instrument to convey the vendee a one-half

mineral interest, together with all surface rights.

"To Have And To Hold the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging, unto the said Frank F. DuBose, his heirs and assigns, forever; and we do hereby bind ourselves and our heirs, executors and administrators to Warrant and Forever Defend, all and singular the said premises unto the said Frank F. DuBose, his heirs and assigns, against every person whomsoever lawfully claiming or to claim the same, or any part thereof."

The one-fourth mineral interest recited in the deed as having been "heretofore sold" was an erroneous recitation in that appellants' predecessor in title, Republic Insurance Company, in a deed dated March 1, 1943 deeded the subject section to Porter and Bosworth and reserved and excepted for a 15-year term one-fourth of the oil, gas and other minerals in and under the section with the provision that the mineral interest would terminate at the end of the 15-year term unless at said expiration oil, gas and/or other minerals were being produced in paying quantities. There having been no oil, gas or other minerals produced on the section by the end of the 15-year term, Republic Insurance Company filed its disclaimer of its term interest. Therefore, the sole question here to be decided is whether appellants or appellee own the one-fourth mineral interest that reverted at the termination of the 15-year term reservation on March 1, 1958.

From the pleadings and stipulations and the trial briefs presented the trial court found that the one-fourth mineral interest in question belonged to appellee DuBose, the grantee in the deed. It is from that judgment appellants have perfected their appeal, contending that the deed simply, plainly and unambiguously conveys to appellee the surface and only "one-half of the minerals in and to the land in ques-

tion; that it requires no construction; and that there is no necessity to look beyond its 'four corners' to determine the interest in the land this deed passes to appellee."

Appellee contends appellants conveyed the full fee simple title to the land to him excepting only the one-fourth mineral interest specifically reserved and excepted; that the sentence which says: "It is the intention of this instrument to convey to vendee a one-half mineral interest, together with all surface rights" is intended only as a limitation on appellants' warranty; and that "such sentence covers and includes all of the estate which appellants could have possibly conveyed except the one-fourth mineral interest reserved to themselves, since the words 'together with all surface rights' include the unsevered possibility of reverter of the one-fourth mineral interest now in dispute."

The reservation of one-fourth of the minerals by Republic Insurance Company in its deed to Porter and Bosworth created a determinable fee in one-fourth of the minerals under the land, the termination thereof to be contingent upon there being no production of oil, gas or other minerals from the land in paying quantities at the end of 15 years from the date of the deed. Robinson v. Jacobs, 113 Tex. 231, 254 S.W. 309. Thus, appellants held the possibility of reverter in an undivided one-fourth of the oil, gas and other minerals on the section of land at the time of their conveyance to appellee. The intriguing question presented then is whether from this record the possibility of reverter was an attribute of fee surface ownership, thus passing with the grant of full fee surface rights.

We do not see any indication in the instrument of appellants' intention to reserve the possibility of reverter of the Republic Insurance one-fourth interest. In a one-sentence paragraph of the instrument the grantors stated that a one-fourth mineral interest had been sold and they were retaining a one-fourth mineral interest, which they then specifically reserved and except-

ed from the grant and which appellee admits appellants own. This is the only place in the deed where any reservation or exception from the grant is mentioned. Then in a separate and distinct paragraph they stated they were conveying to appellee a one-half mineral interest, together with all the surface rights, which we believe from this record was and constituted appellants' limitation of warranty.

Our Supreme Court in Sharp v. Fowler et ux., 151 Tex. 490, 252 S.W.2d 153, 154, has held: "A reservation of minerals to be effective must be by clear language. Courts do not favor reservations by implication." The reservation of the one-fourth mineral interest admittedly now owned by appellants was in clear language but to say that they reserved or excepted any other from the grant would have to be by implication.

The court also states in Bibb et ux. v. Nolan et al., Tex.Civ.App., 6 S.W.2d 156, 157 (writ refused) that: "The only effect of the recitation in the deed that same was conveyed subject to the existing oil and gas leases was that the grantee Mrs. Nolan accepted the title with knowledge that said lease contracts were in existence, and that appellants to that extent would not be liable on their warranty."

Our Supreme Court in Harris v. Currie et al., 142 Tex. 93, 176 S.W.2d 302, 304 has held: "When the owner of the entire estate in land conveys it by ordinary form of deed *containing no exception or reservation,* his grantee acquires the same title which his grantor had, and such title includes all minerals." No exception or reservation was contained in the subject instrument concerning the interest in controversy but only that interest admittedly owned by appellants. (Emphasis added.)

The Supreme Court of Oklahoma in a very recent case, Whitman v. Harrison, 327 P.2d 680, 682, held that where the grantor owning all surface rights in an 80-acre tract together with five acres of min-

erals in fee and the reversionary interest in 60 acres of unexpired term mineral interests, conveyed the entire 80 acres subject to prior mineral conveyances covering 75 acres, without express statements of reservation of any interest, the conveyance passed grantor's reversionary mineral interest in the 60 acres. In the opinion the chief justice of that court quoted with approval from another of their cases as follows:

"To create a reservation it must appear from the instrument that the grantor intended to and by appropriate words expressed the intent to reserve an interest in himself. Otherwise, the exception must be construed as an exception to the warranty."

It is true the opinion shows that Oklahoma has a statute which provides:

"Every estate in land which shall be granted, conveyed or demised by deed or will shall be deemed an estate in fee simple and of inheritance, unless limited by express words." 16 O.S. A. § 29.

We have a statute, Art. 1291 Vernon's Texas Civil Statutes, of similar import which provides:

"Every estate in lands which shall thereafter [hereafter] be granted, conveyed or devised to one although other words heretofore necessary at common law to transfer an estate in fee simple be not added, shall be deemed a fee simple, if a less estate be not limited by express words or do not appear to have been granted, conveyed or devised by construction or operation of law."

In Bibb v. Nolan, supra, [6 S.W.2d 157] a "writ refused" case, the Waco Court of Civil Appeals held:

"Where the owner of real estate executes and delivers a standard oil and gas lease on his land, which is duly recorded, and thereafter by general warranty deed conveys said land, the pur-

chaser thereof takes same subject to the terms of said oil and gas lease contract; and, if the oil lease is thereafter forfeited the mineral estate reverts to, and becomes the property of, the owner of the surface rights at the time same is forfeited. Robinson vs. Jacobs, 113 Tex. 231, 254 S.W. 309; Caruthers vs. Leonard (Tex.Com.App.) 254 S.W. 779."

In the Robinson v. Jacobs case cited in the quote just made the Supreme Court said [113 Tex. 231, 254 S.W. 311]:

"At the date Thompson executed the warranty deed, he owned the possibility of reverter qualifying the estate of Lea or his assigns. By Thompson's deed, subsequent to the grant to Lea and his assigns, *that certainly passed.* Defendant in error having acquired this possibility of reverter, cessation of use of the property for the purposes of the grant, or abandonment of the contemplated mineral exploration and production, inured to the benefit of defendant in error, just as such cessation of use or abandonment would have inured to the benefit of Thompson but for his warranty deed." (Emphasis added.)

■ Of course we recognize the difference in the facts of the two cases just quoted from and the instant case. Those cases did not have clauses such as the one here which we have held constituted appellants' statement of limitation of warranty. If we are correct in that holding the rules of law announced in Bibb v. Nolan and Robinson v. Jacobs would place in appellee at the time appellants executed and delivered the deed to him the possibility of reverter of the Republic one-fourth mineral interest, which reverted to him upon the termination of Re-

public's determinable fee. Especially is this true when we consider, in addition to the rules already announced, the following rules by which we must be guided in construing a general warranty deed:

■ "A deed will be construed to confer upon the grantee the greatest estate that the terms of the instrument will permit." Waters v. Ellis, Tex., 312 S.W.2d 231, 234.

■ "It is a principle of universal application that grants are liberally, exceptions strickly, construed against the grantor." Hidalgo County Water Control & Improvement District v. Hippchen, 5 Cir., 233 F.2d 712, 715.

■ "Another applicable rule is that should there be any doubt as to the proper construction of the deed, that doubt should be resolved against the grantors, whose language it is, and be held to convey the greatest estate permissible under its language." Garrett v. Dils Company, 157 Tex. 92, 299 S.W.2d 904, 906.

■ Where a deed is capable of two constructions the one most favorable to the grantee and which conveys the largest interest the grantor could convey will be adopted. Chestnut v. Casner, Tex.Civ. App., 42 S.W.2d 175 (writ refused).

Appellants seem to rely principally upon Pich v. Lankford, 157 Tex. 335, 302 S.W.2d 645 and Matthews v. Meyers, Tex.Civ.App., 42 S.W.2d 1099. The former is distinguished by the fact that the instrument had a specific reservation as follows [157 Tex. 335, 302 S.W.2d 651]:

"Save and Except an undivided three-fourths of the oil, gas and other minerals in and under the Southwest Quarter thereof, and an undivided one-

fourth of the minerals in and under the remainder of said survey, which minerals do not belong to the grantors herein."

The Matthews v. Meyers case has no writ history so even if it should be said to be in conflict with Bibb v. Nolan we would feel compelled to follow the rules of the latter because of its writ record, and of course would be bound by the holdings of Robinson v. Jacobs. Accordingly, the judgment of the trial court is affirmed.