**John H. MONROE, Jr. and Katherine Scott Monroe, Appellants,**

**v.**

**John Richard SCOTT, III, Marilyn S. Malone, Patricia Malone Turner, Nancy Malone Able, and Mona Francis Malone, Appellees.**

**No. 13–85–238–CV.**

Court of Appeals of Texas, Corpus Christi.

Feb. 6, 1986.

Rehearing Denied March 13, 1986.

William Wood, M.W. Parse, Jr., Fulbright & Jaworski, Houston, for appellants.

Thomas Reavley, Scott, Douglas & Luton, Austin, Ronald P. Stasney, Beeville, for appellees.

Before SEERDEN, UTTER and BENAVIDES, JJ.

## OPINION

SEERDEN, Justice.

Appellants contend that the trial court erred in determining the ownership of the reverter of a non-participating term royalty interest. The parties submitted cross-motions for summary judgment below, and the district court declared that following the expiration of the term, appellees were entitled to one-half (½) of the reverter pursuant to a partition deed. We affirm.

By their first two points, appellants assert that the trial court erred in granting judgment for appellees and denying their motion. The parties agree on the material facts. Sudie D. Scott, appellees' predecessor in interest, and Katherine Scott Monroe owned the Scott ranch in common. In 1953, Katherine and John H. Monroe, Sr., conveyed a 10-year non-participating term royalty interest to their son, John, Jr., reciting that at the expiration of the term, "the minerals conveyed shall revert to Grantor[s], their heirs and assigns." The parties agree that John, Jr.'s interest expired in 1963.

In 1955, Katherine and Sudie partitioned their lands. The partition deed recited that the land was "subject to oil, gas, and mineral royalty interests" and set out descriptions of the interests. The description opposite John, Jr.'s name is: "¹/₆₄th non-participating for a term of 10 years from August 29, 1953, and as long thereafter as oil, gas or other minerals are produced therefrom with reversion to Katherine Scott Monroe and John H. Monroe equally upon the expiration of said term." After the grants which divide the property, the partition deed recites in the habendum clause "to have and to hold the above described premises ... except the above described oil, gas, and mineral royalty interests...."

The question presented is whether the reverter of the above described term royalty interest passed under the partition deed. Appellants urge that the language in the recitations serves to specifically reserve the possibility of reverter in John Jr.'s term royalty, while appellees argue that the language merely describes the royalty interest reserved to John, Jr. The trial court agreed with appellees and found that the language did not except the possibility of reverter from the conveyance. We agree.

The intent of the parties as expressed in the partition deed controls. *Alford v. Krum*, 671 S.W.2d 870, 872 (Tex. 1984). As the partition deed is unambiguous, the court must construe it within its four corners, and the words in the deed must be construed as a matter of law. *Rutherford v. Randal*, 593 S.W.2d 949, 953 (Tex.1980); *Bass v. Harper*, 441 S.W.2d 825, 827 (Tex.1969); *Reeves v. Towery*, 621 S.W.2d 209, 212 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.); *Guaranty National Bank & Trust of Corpus Christi v. May*, 513 S.W.2d 613, 617 (Tex.Civ.App.—Corpus Christi 1974, no writ).

A warranty deed will pass all of the estate owned by the grantor at the time of the conveyance unless reservations or exceptions reduce the estate conveyed. *Cockrell v. Texas Gulf Sulphur Company*, 157 Tex. 10, 299 S.W.2d 672, 675 (1956). A "subject to" clause defines the nature, extent, and character of the estate conveyed. *Cockrell* at 676.

A reservation of minerals must be in clear language. Courts do not favor reservations by implication. *Ladd v. Dubose*, 344 S.W.2d 476, 479 (Tex.Civ.App.—Amarillo 1961, no writ); *Commerce Trust*

*Company v. Lyon,* 284 S.W.2d 920, 921 (Tex.Civ.App.—Fort Worth 1955, no writ). Deeds are construed to convey to the grantee the greatest estate possible. *Reeves* at 212; *Davis v. Andrews,* 361 S.W.2d 419, 423 (Tex.Civ.App.—Dallas 1962, writ ref'd n.r.e.); *Ladd* at 480; *Murphy v. Jamison,* 117 S.W.2d 127, 132 (Tex. Civ.App.—Beaumont 1938, writ ref'd).

A possibility of reverter is an interest in land which can be assigned or sold. *Carruthers v. Leonard,* 254 S.W. 779, 782 (Tex.Comm'n App.1923); *Bagby v. Bredthauer,* 627 S.W.2d 190, 197 (Tex.App.—Austin 1981, no writ); *York v. Kenilworth,* 614 S.W.2d 468, 471 (Tex.Civ.App.—Waco 1981, writ ref'd n.r.e.); *Murphy* at 130. In Texas, the grant of an interest in land "subject to" a defeasible term interest transfers the reversionary interest to the grantee. *Bagby* at 197. *Cf. Robinson v. Jacobs,* 113 Tex. 231, 254 S.W. 309, 311 (1923); *Carruthers* at 783; *Alford* at 873 (conveyance of land subject to oil and gas lease conveys possibility of reverter accompanying lease); *Ladd* at 480; *Bibb v. Nolan,* 6 S.W.2d 156, 157 (Tex.Civ.App.—Waco 1928, writ ref'd).

In this case, the grant was "subject to" the royalty interests recited, which did not belong to grantors and could not be conveyed. The limiting paragraphs in the deed were necessary to protect the parties under the general warranty clause. *Cf. Kokernot v. Caldwell,* 231 S.W.2d 528, 531 (Tex.Civ.App.—Dallas 1950, writ ref'd). The only mention of the possibility of reverter is in a description of one of the royalty interests in the recitals. Neither the explanatory recitations nor the habendum clause refers to the exceptions from the grant as anything other than "royalty interests." The possibility of reverter in the term royalty was not a royalty interest, but an interest in the minerals in place. *Cf. Kaiser v. Love,* 163 Tex. 558, 358 S.W.2d 586, 588 (1962) (right of reverter and royalty under mineral lease constituted mineral estate); *Murphy* at 130 and 131 (royalty and possibility of reverter constituted mineral rights). Thus, the possibility of reverter was not part of the interest excepted, and was included in the partition.

Appellants further contend that the granting clause reserves the possibility of reverter. Following the descriptions of the lands conveyed, the deed again recites the royalty interests to which the lands are subject. Immediately below this recital, the deed continues, "To all of which instruments and their records reference is here made for a more complete description of the interest therein conveyed or reserved, as the case may be, and for all other purposes." Appellants urge that the phrase "for all other purposes" put the grantees on notice that they should consult the other deeds to determine what was excluded from the grant, citing *Harris v. Windsor,* 156 Tex. 324, 294 S.W.2d 798 (1956) and *Remuda Oil Co. v. Wilson,* 264 S.W.2d 192 (Tex.Civ.App.—Galveston 1954, writ ref'd n.r.e.). We find these cases distinguishable.

In *Harris,* one Liverman reserved ½ the minerals in the tract before Windsor obtained title. Windsor reserved ⅜ of the minerals and referred to his deed from The Federal Land Bank "for all purposes." That deed "for all legal purposes" referred to the deed in which Liverman had reserved ½ of the minerals. The court found that the references disclosed the grantor's extent of ownership and that the effect was to convey to Harris the surface and ⅛ of the minerals rather than all of his ½ of the minerals plus an additional ⅛ of the minerals, which he did not own. *Id.* at 800.

In *Remuda,* American National Insurance Co. conveyed land to Johnson, reserving ½ of a ⅛ (1/16) royalty. Thereafter, American National Insurance Co. conveyed a ¼ royalty interest to Hill, appellee's predecessor in interest, referring to the Johnson deed "for all purposes." The court found that the reference provided notice of the extent of the grantor's estate. The court reasoned that, since the grantor could not convey more than he owned, he intended to convey a ¼ of the ⅛ royalty. *Id.* at 196.

Thus, a reference "for all purposes" to previous deeds puts grantees on notice that a grantor is only apportioning his remaining interest after the previous instruments are given effect. We find no merit in appellants' contention and overrule appellants' first two points of error.

By their third point, appellants dispute the trial court's assessment of attorney's fees. Under the Uniform Declaratory Judgments Act, TEX.CIV.PRACTICE & REMEDIES CODE § 37.009 (Vernon 1986), the trial court may award attorney's fees in its discretion. Appellants have not prevailed on the merits and have not shown an abuse of discretion. *District Judges of Collin County v. Commissioners Court of Collin County*, 677 S.W.2d 743, 746 (Tex. App.—Dallas 1984, writ ref'd n.r.e.); *Contact Products, Inc. v. Dixico Corporated*, 672 S.W.2d 607, 610 (Tex.App.—Dallas 1984, no writ). The third point of error is overruled.

The judgment of the trial court is AFFIRMED.