**William E. YORK, Appellant,**

v.

**KENILWORTH OIL COMPANY et al., Appellees.**

**No. 6188.**

Court of Civil Appeals of Texas, Waco.

March 5, 1981.

Rehearing Denied April 9, 1981.

John R. Locke, Jr., Groce, Locke & Hebdon, San Antonio, for appellant.

Michael J. Kaine, Morrison, Dittmar, Dahlgren & Kaine, San Antonio, for appellees.

OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff York from summary judgment denying him recovery of title and possession of the oil and gas in and under 197.105 acres of land in Medina County.[1]

Plaintiff York sued defendants Kenilworth Oil Company, et al, alleging he was and is the owner in fee simple and entitled to possession of all the oil, gas and other minerals in and under 197.105 acres of land in Medina County (a described 81.105 acre tract and a described 116 acre tract); that

---

1. Such summary judgment decreed plaintiff title and possession of all minerals other than oil and gas under the 197.105 acre tract.

defendants disputed his claim; prevented him from leasing; and that Kenilworth had extracted some $50,000 worth of oil, gas and minerals from his land. Plaintiff sought judgment: for title and possession to the oil, gas and other minerals under the 197.105 acres; that his title be quieted from all claims of defendants; and for damages for depletion of his mineral estate.

Defendants answered by a plea of not guilty, a general denial, and plead that the oil and gas interest plaintiff sues for was vested in a person named Mame Adams, was reserved by her and thereafter acquired by defendants. Defendants prayed that plaintiff take nothing.

Thereafter defendants moved for summary judgment that plaintiff was not the owner in fee simple of the oil and gas under the 197.105 acres; and plaintiff moved for partial summary judgment quieting title in plaintiff to all the oil, gas and other minerals in the 197.105 acres, subject only to any "outstanding rights, if any there be," under the Mame Adams' reservation.

The trial court rendered summary judgment denying recovery of plaintiff of title and possession of the oil and gas under the 197.105 acres; vested title to the oil and gas in such land in defendants; and granted the motion of plaintiff in part vesting him with ownership of all minerals other than oil and gas in and on the tract.

Plaintiff appeals on 3 points asserting the trial court erred: 1) in granting summary judgment denying plaintiff recovery of title and possession of the oil and gas under the land; 2) in granting summary judgment vesting title to the oil and gas in such land in defendants; and 3) in failing to grant summary judgment that the oil and gas under the land is owned by plaintiff subject to the rights of defendants under a certain oil and gas lease, and to any rights outstanding under the Mame Adams' reservation.

On January 11, 1946, Mame M. Adams by warranty deed conveyed the land here involved to Jay E. Adams. Such conveyance reserved to the "grantor, her heirs, devisees and assigns all the oil and gas (but not

including other minerals)" for 5 years after the death of the grantor unless oil and gas is being produced in paying quantities in which event the reservation shall 'expire when production in paying quantities shall cease. At the expiration of this reservation all oil and gas not removed shall vest in the grantee, [his] heirs and assigns.

On January 4, 1951, Jay E. Adams by warranty deed conveyed 81.105 described acres of the land to Carleton W. Adams, subject to the reservation of all oil and gas as retained in his deed from Mame Adams.

On December 28, 1951, Jay E. Adams by warranty deed conveyed 116 described acres of the land to Marcia B. Adams, wife of Carleton W. Adams, subject to the reservation of Mame Adams of all oil and gas as retained in his deed from Mame Adams.

The parties have stipulated plaintiff and defendants hold under Carleton W. Adams and wife Marcia B. Adams who are the parties' common source of title.

Carleton W. Adams and wife Marcia B. Adams on November 5, 1957, executed an oil, gas and mineral lease on the land here involved to Carleton W. Adams, Jr.

On February 28, 1961, Carleton Adams, Jr. assigned such oil, gas and mineral lease to plaintiff William E. York.

On September 30, 1961, Carleton W. Adams and wife Marcia B. Adams by warranty deed conveyed the (81.105 acres and the 116 acres) land to William E. York, subject to any oil, gas and mineral lease of record; and while there was no express mention of the Mame Adams' reservation, plaintiff concedes the lease was being held by production as of the date of this deed, and that the Mame Adams' reservation was in effect.

On June 19, 1964, William E. York by warranty deed conveyed the land (the 81.-105 acres and the 116 acres) to Mrs. Carleton W. Adams, Sr. (being the same person as Marcia B. Adams), *"save and except for all oil, gas and other minerals"*.

Both parties concede the record establishes that there was production in paying quantities on June 19, 1964, and that the

Mame Adams' reservation and the lease were in effect at that time (albeit that Mame Adams died April 5, 1953, and the 5 years after her death expired April 5, 1958).

On September 13, 1969, William E. York (and Carleton W. Adams, Jr.) assigned the lease to Robert W. Wood; on September 13, 1969, Carleton W. Adams, Jr. and wife and Marcia B. Adams deeded the land to Robert W. Wood; on September 29, 1969, Robert W. Wood deeded the land to Kenilworth Oil Company and assigned the lease to Kenilworth Oil Company.

The questions for determination are: 1) what estate in the 197.105 acres was vested in plaintiff York on June 19, 1964; and 2) what is the construction of the language "save and except all oil, gas and other minerals".

After February 28, 1961, plaintiff York owned the lease (⅞ of the oil and gas while there was production); and after September 30, 1961 he owned in addition the executory rights; the surface plus the "other minerals"; and the possibility of all the oil and gas interest vesting in him upon cessation of production in paying quantities and consequent termination of the Mame Adams' reservation. This is called a "possibility of reverter". (The ⅛ royalty under the lease was outstanding in the heirs of Mame Adams or their grantees).

On June 19, 1964, plaintiff York conveyed the 197.105 acres to Mrs. (Marcia) Carleton W. Adams, Sr. *"save and except for all oil, gas and other minerals"*.

■ A "possibility of reverter" of the oil and gas interest, is an interest in land which can be assigned or sold. *Caruthers v. Leonard*, Com.App., 254 S.W. 779; *Perry v. Smith*, Com.App., Opinion Adopted S.Ct., 231 S.W. 340; *Murphy v. Jamison*, Tex.Civ. App. (Beaumont) Er.Ref., 117 S.W.2d 127; *Jensen v. Wilkinson*, Tex.Civ.App. (Galveston) Er.Dism'd Jdgmt. Correct, 133 S.W.2d 982. And a possibility of reverter after a determinable fee is not only assignable, but is an interest which may be devised. *Watts v. City of Houston*, Tex.Civ.App. (Galveston) Er.Ref., 196 S.W.2d 553; *James v. Dal-*

*hart Consol. Ind. School Dist.*, Tex.Civ.App. (Amarillo) NWH, 254 S.W.2d 826; *Myrick v. Leddy*, Tex.Civ.App. (Austin) NWH, 37 S.W.2d 308.

■ An interest in land which is excepted from a grant is excluded from the grant and does not pass to the grantee. *Pich v. Lankford*, S.Ct.Tex., 302 S.W.2d 645. Such case further distinguishes an "exception" from a "reservation" as follows: A "reservation" operates for the benefit of the grantor and serves to retain in him his ownership to the extent stated, whereas an "exception" is a mere exclusion from the grant in favor of the grantor only to the extent that such interest as is excepted may then be vested in the grantor and not outstanding in another.

■ The "possibility of reverter" of the oil and gas interest, was an interest vested in York at the time he conveyed to Mrs. Adams; it was an interest he could have sold or devised; when he "excepted" all the oil and gas and other minerals from the conveyance the "possibility of reverter" was included in such exception and did not pass that which was excepted to Mrs. Adams, but same remained in York. *Kaiser v. Love*, S.Ct.Tex., 358 S.W.2d 586. In his exception, York also "excepted" the ⅞ interest in the oil and gas which he owned. He conveyed this ⅞ interest to Robert Wood when he assigned the lease to him September 13, 1969. After conveyance of the ⅞ interest in the oil and gas, the "possibility of reverter" of the oil and gas upon termination of the Mame Adams' reservation still remained in York.

We sustain point 3) that the trial court erred in failing to grant summary judgment that the oil and gas under the land is owned by plaintiff subject to the rights of defendants under the oil and gas lease and any right outstanding under the Mame Adams' reservation.

We render judgment that the oil and gas under the land is owned by plaintiff York, subject to the rights of the defendant under the oil and gas lease, and any rights outstanding under the Mame Adams' reservation.

We affirm that portion of the judgment vesting in plaintiff ownership of all minerals other than the oil and gas under the land.

We reverse and remand for trial the issue of whether there has been a· cessation of production in paying quantities.

REVERSED AND RENDERED IN PART; AFFIRMED IN PART; REVERSED AND REMANDED IN PART.