Lester SCHOLZ and Clarence W. Scholz, Appellants,

v.

Inez HEATH, Individually and as Independent Executrix of the Estate of John A. Heath, Deceased, et al., Appellees.

No. 10–81–043–CV.

Court of Appeals of Texas, Waco.

Nov. 8, 1982.

Frank C. Collins, Jr., Houston, for appellants.

E.R. Norwood, Taylor, Norwood & Little, Liberty, Donald L. Kraemer, Haney & Kraemer, Huntsville, for appellees.

## OPINION

CHASE, Justice.

This declaratory action was brought to resolve a three-party dispute over the ownership of a royalty interest in lands conveyed and reserved in a 1971 general warranty deed, hereafter referred to as the Scholz deed. The Scholz deed, conveying 395.7 acres of land which consisted of two tracts, a 312.2 acre tract and a 83.5 acre tract, contained the following reservation:

> SAVE AND EXCEPT from this conveyance one-half (½) of the royalty in the oil, gas, and other minerals in and under said tracts of land in the manner and according to the terms in a deed from Martin Standley and wife, Bernice Standley to John A. Heath, dated April 24, 1958 of record in Vol. 125, pg. 93, Deed Records of Madison County, Texas.
>
> The Grantors herein John A. Heath and wife, Inez Heath, reserve unto themselves, their heirs and assigns one-half (½) of all the oil, gas, and other minerals in and under the above described tracts of land. It is the intent of the Grantors herein to convey to Grantees one-half (½) of the oil, gas and other minerals in and under said tracts of land and to reserve unto themselves one-half (½) of the oil, gas and other minerals in and under said tracts of land, and no royalty interest is herein conveyed, one-half (½) royalty

having heretofore been reserved in the instrument above mentioned from Martin Standley et ux to John A. Heath. Grantors herein reserve unto themselves the use and benefit of the dwelling house on said premise from July 20, 1971 until January 19, 1972, same being a six (6) month period.

Grantees Lester and Clarence Scholz (hereafter called Scholz) brought suit against Grantor Inez Heath, individually and as the independent executrix of her husband's estate, who counter-claimed, advancing and seeking her interpretation on the construction of the mineral and royalty reservation. Intervenors, Shirley Ann Standley Bennett and Martin Standley, Jr. filed their plea in intervention, claiming a royalty interest in the 83.5 acre tract by virtue of being the successors to Heath's predecessor-in-title, Mr. Standley, Sr.

After a non-jury trial, the court declared Scholz as owner of all the surface estate and one-half of the mineral estate which included a one-half royalty interest; Heath as the owner of a one-half mineral estate inclusive of a one-half royalty interest; and the intervenors as owners of no interests in the land.

All parties appealed, and by order of this Court, the appeals were consolidated. Scholz appeals on three (3) points of error, claiming ownership to all of the mineral interests. Heath, in his thirteen (13) points of error, contends the Scholz deed vested in Scholz a one-half mineral interest, stripped of all royalty interest. The intervenors assert ownership of a royalty interest reserved in a prior deed.

The trial court filed its findings of fact and conclusions of law pursuant to Rule 297, Tex.Rules Civ.Proc. The trial court found that prior to September 26, 1953, Standley, Sr. owned both tracts of land in fee. On that day, Standley, Sr., acting as president and agent of Standley Motors, Inc., a Texas Corporation wholly owned by him, conveyed by a general warranty deed the 83.5 acre tract to a Mr. Stewart. The deed reserved an undivided ½ non-partici-

pating royalty interest to Standley Motors, Inc. On May 1, 1954, Mr. Stewart and his wife conveyed the tract by a general warranty deed to Standley, Sr. as an individual. Heath acquired title to both tracts from Standley, Sr., et ux, by a general warranty deed, dated April 24, 1958. The Heath deed did not expressly except the prior Standley Motors reservation, but it did refer to the Stewart-Standley, Sr. deed in its general description of the second tract of land. The deed expressly reserved a 1/16th non-participating 20-year term royalty interest in Standley, Sr. and provided if a commercial production of oil was being produced at the end of the 20 years, the reservation would continue as long as the commercial production continued.

Standley, Sr. was divorced on September 24, 1959, and was awarded all the personal and real property of Standley Motors, Inc. The corporation was dissolved on December 16, 1959 and its assets passed to Standley, Sr. as the sole stockholder. Scholz and Heath executed the Scholz deed on July 16, 1971. In 1978 on the 24th of April, Standley, Sr.'s term royalty lapsed due to the lack of oil and gas production.

■ In his first and third points of error, Scholz does not contest the trial court's findings of fact, but complains of the court's failure to make additional findings. Scholz did not make a request for additional findings in accordance with Rule 298, Vernon's Tex.Rules Civ.Proc. Not having properly requested the findings, Scholz cannot now be heard to complain of the trial court's failure to make the additional findings. *Tidwell v. Lange,* 531 S.W.2d 384 (Tex.Civ.App.—Waco 1975, no writ). Points of error 1 and 3 are overruled.

■ Scholz's point of error 2 contests the trial court's finding that the grantors retained a one-half mineral and royalty interest. Scholz contends, at the time the Scholz deed was executed, Heath only owned a one-half mineral interest which he conveyed to Scholz and a possibility of reverter in the Standley, Sr. royalty reservation. When the reservation lapsed, Scholz claims the interest vested in him due to a

doctrine expressed in *Ladd v. Du Bose,* 344 S.W.2d 476 (Tex.Civ.App.—Amarillo 1961, no writ). In *Du Bose,* the issue was whether the grantors or grantee owned a one-fourth mineral interest that reverted at the termination of a term reservation which was made in a prior conveyance. The court found that the grantors held a possibility of reverter in the one-fourth mineral interest at the time of the conveyance, but failed to reserve the interest in the grantee's deed. Therefore, the grantors conveyed the possibility of reverter to the grantee which reverted upon termination of the determinable fee to the grantee. Contrary to Du Bose, the grantor in the instant case, expressly excepted the Standley term reservation in the Scholz deed. An interest excepted from a grant is excluded from the grant and does not pass to the grantee. *Martin v. Schneider,* 622 S.W.2d 620 (Tex.App.—Corpus Christi 1981, no writ); *York v. Kenilworth Oil Co.,* 614 S.W.2d 468 (Tex.Civ.App. —Waco 1981, writ ref'd, n.r.e.). In 1978, when the 20 years terminated, the royalty could not pass to Scholz, but vested in Heath. Scholz's point of error 2 is overruled.

Heath's first point of error contends the trial court erred in admitting parol evidence to interpret an unambiguous deed. The record reveals the trial judge found the Scholz deed to be ambiguous and admitted into evidence the parties' prior earnest money contract which pertinent part read:

Sellers, herein agree to convey to Buyers an undivided one-half (½) interest in and to all the minerals in and under the said above described premise.

■ Parol evidence may be used where a writing, on its face, is ambiguous. A writing is ambiguous where the language used may be subject to two or more interpretations. *Smith v. Liddell,* 367 S.W.2d 662 (Tex.1963).

■ When a deed attempts to convey half of an entire mineral estate and excepts a prior one-half royalty while simultaneously reserving a half mineral estate, ambiguity arises as to whether the grantor or grantee receives a one-half royalty interest.

Parol evidence is admissible to reach the true intent of the parties. Heath's point of error 1 is overruled.

Heath's points of error 2, 3 and 5 attack the trial court's failure to file the additional and amended findings that Heath timely requested. The trial judge denied Heath's findings that asserted:

(1) there was no fraud, accident or material mistake in the preparation, delivery or acceptance of the Scholz deed; and

(2) the parties intended for Scholz to be conveyed half of the mineral estate without the royalty interest.

Refusal of the trial court to make and file requested additional findings does not constitute error when the requests do not relate to controlling issues in the controversy or when they conflict with the trial court's original findings. *City of Fort Worth v. Bewley,* 612 S.W.2d 257 (Tex.Civ. App.—Eastland 1981, writ ref'd n.r.e.). Since the deed's ambiguity permitted the use of the parol evidence, a finding of no fraud in the execution of the deed was not necessary. Furthermore, the court's original finding that Scholz received a one-half royalty interest directly conflicts with Heath's requested finding. Points 2, 3 and 5 are overruled.

Point of error 6 contends the trial court's finding that "the earnest money contract and general warranty deed was prepared by the attorney for the grantors" was against the great weight and preponderance of the evidence. Heath contends the evidence conclusively established that Attorney Knight was counselor for both the grantee and the grantor.

Where an insufficient evidence point is raised, we are charged with examining all the evidence, including any evidence contrary to the findings of fact, filed by the trial court. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (Tex.1951). In reviewing the factual sufficiency of the evidence, we have carefully considered Clarence and Lester Scholz and Attorney Knight's testimonies that relate to this finding.

Attorney Knight testified that Mr. Heath hired him to prepare the Scholz deed and that it was Heath's many attempts to control the wording of the deed which resulted in the ambiguity. Knight also drafted the earnest money contract which expressed the intent to convey an undivided one-half interest in and to all of the mineral estate. The Scholzes only met with Knight twice, once to sign the earnest money contract and again to sign the deed. The Scholzes testified that they understood the undivided one-half mineral interest contained the royalty interest. Upon Heath's insistence, the Scholzes partially paid Attorney Knight for drawing up the deed. The deed was read to the Scholzes by Knight's secretary, but he never explained the interest conveyed to them. We conclude the evidence is factually sufficient to support the finding of fact and overrule Heath's sixth point of error.

Points of error 4 and 9 through 13 all attack the trial court's allocation of the royalty interest.

The record establishes that the Heath deed conveyed to Heath all the surface estate and all the mineral estate minus the royalty interest; one-half of the royalty was vested in Standley Motors, Inc., as to the 83.5 acre tract only, and one-half of the royalty as to the entire 395.7 acres (both tracts), was vested in Standley, Sr. Upon the dissolution of the corporation, the Standley Motors royalty passed to Heath under the doctrine of after acquired title. See *Duhig v. Peavey-Moore Lumber Co.,* 135 Tex. 503, 144 S.W.2d 878 (Tex.1940).

When Heath executed the Scholz deed, the only interest he did not own was the royalty interest reserved by Standley, Sr. Heath undertook to reserve in his favor an undivided one-half interest which had the effect of reducing the one-half mineral interest that the Scholz deed purported to convey to Scholz. The Supreme Court, in *Duhig v. Peavey-Moore Lumber Co.,* supra, estopped the grantor to assert such an interest. Where both the grant and reservation cannot be given effect, the reservation must fall. *Waters v.*

*Ellis,* 158 Tex. 342, 312 S.W.2d 231 (1958). Therefore, Heath conveyed his one-half royalty interest to Scholz through the conveyance of the one-half mineral interest and later acquired a one-half royalty interest when the Standley, Sr. royalty lapsed. The trial court's judgment is correct.

 Heath's point of error 8 contends the trial court erred in its conclusion of law that Heath was the owner of the entire surface estate and only an owner to one-half of the mineral and royalty interest in the lands at the time of the execution of the earnest money contract and Scholz deed. For the above reasons we agree the conclusion was incorrect and sustain the point of error. However, an erroneous conclusion of law will not require a reversal when a proper judgment is rendered. Rule 434, Vernon's Tex.Rules Civ.Proc.; *Hoyt v. Geist,* 364 S.W.2d 461 (Tex.Civ.App.—Houston 1963, no writ).

The intervenors, also disputing the trial court's distribution of royalties, appeal on one point of error which contests the court's application of the after acquired title doctrine to the Standley Motors reservation. They contend the Heath deed conveyed an estate limited by the Standley Motors royalty by virtue of a reference to the Stewart-Standley deed in the general description of the 83.5 acre tract. The Stewart-Standley deed does not expressly except the Standley Motors reservation; but refers to the Standley Motors, Inc.-Stewart deed "for all legal purposes".

In cases where the quantum of an estate has been reduced by reference to a prior deed, the reference is followed by the language that "the reference is made thereto for all purposes." *Harris v. Windsor,* 156 Tex. 324, 294 S.W.2d 798 (Tex.1956). In the Scholz deed the reference is only followed by a description in metes and bounds and no direct explanation of the prior deed is made. We find that the reference to the Stewart-Standley, Sr. deed was merely to further identify the area and not to qualify the estate conveyed.

The Heath deed purported to convey the entire mineral estate subject only to the Standley, Sr. reservation. Due to the deed's general warranty, grantor Standley, Sr. and his heirs are estopped from asserting title to the royalty reserved by the Standley Motors reservation. The royalty interest passed through Standley, Sr. to vest in Heath and subsequently was conveyed to Scholz. *Duhig v. Peavey-Moore Lumber Co.,* supra. Intervenors' point of error is overruled. Judgment of the trial court is affirmed.