The STATE of Texas, Appellant,

v.

Rosalva EURESTI, a/k/a Sylvia Lopez, et al., Appellees.

No. 13–89–345–CV.

Court of Appeals of Texas, Corpus Christi.

Sept. 6, 1990.

Oscar Ponce, Asst. County Atty. and Luis V. Saenz, County Crim. Dist. Atty., Brownsville, for appellant.

Guadalupe Olvera and E. Dale Robertson, Brownsville, for appellees.

Before NYE, C.J., and KEYS and SEERDEN, JJ.

## OPINION

KEYS, Justice.

This is a forfeiture proceeding. Appellant, State of Texas, is suing Rosalva Euresti, aka Sylvia Lopez and her mother, Maria Luisa Bocanegra de Lopez, *in personam,* and $53,040.00 *in rem.* The currency was seized during and after a drug sting operation.

At trial the record indicates that Euresti planned to purchase two hundred pounds of marijuana from an undercover police officer at $310.00 per pound. When she arrived to make the deal, she informed the officer that she brought only half of the money. When the officer asked her why she had only half of the money she stated that the other half was at her sister's apartment. She explained that she could not find her sister to get the other half of the money. She was arrested and charged with Illegal Investment, Tex.Rev.Civ.Stat. Ann. art. 4476–15 § 4.052 (Vernon 1989), and the $30,880.00 was seized from her.

The police proceeded to Euresti's sister's apartment and conducted a consent search. While they were there, Bocanegra arrived in a Lincoln Continental driven by her thirteen year old grandson. Not knowing that the police were on the scene, Bocanegra got out of the car and went to the apartment. When she saw the police in the apartment she immediately fled to the car. Before she could leave, the police stopped her and obtained consent to search the car. In the trunk was $22,160.00. Both lots of currency were wrapped and packaged in a similar manner. At the time of the seizure Bocanegra denied ownership of the money, however, at trial she claimed it.

The State filed forfeiture proceedings against the $53,040.00 seized pursuant to Tex.Rev.Civ.Stat.Ann. art. 4476–15 §§ 5.03, 5.05, 5.07 (Vernon 1988) (repealed 1989), now codified at Tex.Code Crim.Proc.Ann. art. 59 (Vernon 1989). In its pleadings the State alleged that Euresti and Bocanegra were the owners and possessors of the money.

The trial court made findings of fact and conclusions of law. It found the $30,880.00 seized from Euresti was subject to forfeiture. This finding is not challenged on appeal. The court also found that Bocanegra owned the $22,160.00, and that this amount was not subject to forfeiture. By five points of error the State contests these two findings.

■ By its first two points of error appellant challenges the trial court's conclusions of law which support the finding that Bocanegra was the owner of the $22,-160.00. The first point complains that the trial court erred in concluding that Bocanegra's ownership was judicially admitted in the State's petition. The second point complains that the trial court erred in concluding that the State failed to give proper notice that Bocanegra's ownership was at issue. By its third point appellant challenges the factual sufficiency of the finding that Bocanegra is the owner of the $22,160.00, and additionally argues that the burden of proof on this issue was improperly placed on it. By its fourth point the State argues Euresti improperly used her Fifth Amendment privilege. By its fifth point of error, the State argues that the trial court's finding that the money seized from Bocanegra was not subject to forfeiture is against the great weight and preponderance of the evidence. We address the fifth point first.

■ Money is subject to forfeiture if it is "used or intended for use in violation of Section 4.052 of this Act or derived from the sale, manufacture, distribution, dispensation, delivery or other commercial undertaking violative of this Act ..." Tex.Rev. Civ.Stat.Ann. art. 4476–15 § 5.03(a)(6) (Vernon 1988) (repealed). The State's burden in a forfeiture proceeding is to establish probable cause for seizing the property. This is established if there is a sufficient nexus between the property and the proscribed criminal activity. *$56,700.00 in U.S. Currency v. State,* 730 S.W.2d 659, 661 (Tex. 1987).

■ That the finding was "against the great weight and preponderance of the evidence" is the correct factual sufficiency challenge by the party who has the burden of proof to dispute a finding of fact. *Croucher v. Croucher,* 660 S.W.2d 55, 58 (Tex.1983); *see also Conrad v. Orellana,* 661 S.W.2d 309 (Tex.App.—Corpus Christi 1983, no writ); *Allied Finance Co. v. Garza,* 626 S.W.2d 120 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.). To determine whether a finding is "against the great weight and preponderance of the evidence" the appellate courts must consider and weigh all of the evidence to determine if the finding is so contrary to the overwhelming weight of all the evidence that it is clearly wrong and unjust. *Pool v. Ford Motor Co.,* 715 S.W.2d 629, 635 (Tex.1986); *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex. 1986). *In re Kings Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951). The test we apply is well established. *Pool,* 715 S.W.2d at 629; Calvert, *No Evidence and Insufficient Evidence Points of Error,* 38 Texas L.Rev. 361 (1960).

Although from the evidence admitted at trial a trier of fact could conclude that this money was intended to be used for an illegal purpose, the trial judge concluded that the State had not carried its burden to prove this point. Bocanegra testified that she owned the money, and it was not for use in the drug deal her daughter planned. We will not substitute our judgment for that of the trier of fact in this case. *Pool v. Ford Motor Co.,* 715 S.W.2d at 635. We hold that the trial court's finding was not against the great weight and preponderance of the evidence. Appellant's fifth point of error is overruled.

■ The State attempted to prove that Euresti owned the money seized from Bocanegra in an attempt to show the required nexus between the money and the crime.

*See $56,700.00 in U.S. Currency v. State,* 730 S.W.2d at 661. The trial court, however, found that Bocanegra owned the money. By three points of error the State challenges this finding.

■ We do not reach these points because the State waived the issue of ownership. To argue that Bocanegra had no ownership interest in the money is to argue that she had no justiciable interest in the suit. *Barron v. State,* 746 S.W.2d 528, 530 (Tex.App.—Austin 1988, no writ). In order to assert that a party has no justiciable interest in a proceeding, the opposite party must file a written plea in abatement and obtain a ruling. *Texas Indus. League v. Railroad Comm'n,* 633 S.W.2d 821, 823 (Tex.1982); *Barron,* 746 S.W.2d at 530. Since this was not done, the State waived appellate review of the trial court's ruling that Bocanegra owned the money. *Id.* Appellant's first, second, and third points of error are overruled.

■ In addition to our ruling stated above, we note that appellant's points of error challenging Bocanegra's ownership of the money seized from her would fail for another reason. Appellant's third point argues that the trial court's finding that Bocanegra owned the money is against the great weight and preponderance of the evidence. Under the well established test explained in *Pool,* 715 S.W.2d at 635, and *In re King's Estate,* 244 S.W.2d at 660, the testimony of Bocanegra supported the court's finding on this point. Thus, this finding was not against the great weight and preponderance of the evidence. Even if points of error one and two were found for the State, the error would be harmless. "[A]n erroneous conclusion of law does not require a reversal where a proper judgment is rendered." *Scholz v. Heath,* 642 S.W.2d 554, 559 (Tex.App.—Waco 1982, no writ).

■ By its fourth point of error, appellant claims that the trial court erred by allowing Euresti to claim the Fifth Amendment privilege against self incrimination during cross examination. During trial the State asked questions designed to elicit from Euresti the source of the funds. Her attorney asserted the Fifth Amendment privilege. Appellant argues that her plea of guilty to the charge of Illegal Investment operated as a waiver of her Fifth Amendment privilege.

■ A guilty plea to one crime does not operate as a waiver of the Fifth Amendment privilege when compelled testimony is elicited regarding other crimes. *Malloy v. Hogan,* 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964). In the instant case, Euresti's guilty plea to Illegal Investment did not operate as a waiver of her Fifth Amendment privilege regarding crimes she may have committed while she acquired the money. *See e.g., United States v. Lyons,* 703 F.2d 815, 818 n. 1 (5th Cir.1983). Appellant's fourth point of error is overruled. The judgment of the trial court is hereby AFFIRMED.