ACCEPTED
02-15-00253-CV
SECOND COURT OF APPEALS
FORT WORTH, TEXAS
10/19/2015 12:00:00 AM
DEBRA SPISAK
CLERK

FILED
COURT OF APPEALS
SECOND DISTRICT OF TEXAS

October 19, 2015

DEBRA SPISAK, CLERK

# IN THE SECOND COURT OF APPEALS

## FORT WORTH, TEXAS

### NO. 02-15-00249-CV

### CHRISTOPHER HOSKINS

v.

### RICCO FAMILY PARTNERS, LTD.

### NO. 02-15-00253-CV

### DENNIS ECKEL

v.

### RICCO FAMILY PARTNERS, LTD.

**Consolidated Appeals from the 442nd District Court of Denton County, Texas**
**The Hon. Tiffany Haertling, Presiding**

### APPELLEE'S BRIEF

Cheryl D. Smith
State Bar No. 18552910
Law Office of Cheryl D. Smith
6001 Bridge Street Suite 102
Fort Worth, Texas 76112
817-475-3034
817-288-0641

### ATTORNEY FOR APPELLEE

### ORAL ARGUMENT REQUESTED

# IN THE SECOND COURT OF APPEALS

## FORT WORTH, TEXAS

_____

## NO. 02-15-00249-CV

## CHRISTOPHER HOSKINS
v.
## RICCO FAMILY PARTNERS, LTD.

_____

## NO. 02-15-00253-CV

## DENNIS ECKEL
v.
## RICCO FAMILY PARTNERS, LTD.

_____

## TO THE HONORABLE COURT OF APPEALS:

NOW COMES Ricco Family Partners, LTD., Appellee, acting by and through their attorney of record herein, and files this Appellee's Reply Brief for the Court's consideration in this appeal from the denial of Appellants' Special Appearance.

# TABLE OF CONTENTS

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

ARGUMENT AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

    I. Standards of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

    II. In Personam Jurisdiction over Hoskins and Eckel Was
    Established by Ricco's Allegations . . . . . . . . . . . . . . . . . . . . . . . . .3

    III. The Trial Court's Conclusions of Law are Legally Correct and
    are Supported by the Evidence. . . . . . . . . . . . . . . . . . . . . . . . . . .5

    IV. Exercising Jurisdiction Over Hoskins and Eckel Would Not
    Offend Traditional Notions of Fair Play and Substantial
    Justice . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CERTIFICATE OF WORD COUNT. . . . . . . . . . . . . . . . . . . . . . . . . . 9

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

# INDEX OF AUTHORITIES

*BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). . .2, 3

*C-Loc Retention Sys., Inc. v. Hendrix,* 993 S.W.2d at 476
(Tex.App.-El Paso 1999, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

*E.L.M. LeBlanc v. Kyle*, 28 S.W.3d at 101
 (Tex. App.-Texarkana 2000, pet. denied) . . . . . . . . . . . . . . . . . . . . . . . . . .5

*George v. Deardorff*, 360 S.W.3d 683, 687
(Tex. App.—Fort Worth 2012, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Hitzelberger v. Samedan Oil Corp.*, 948 S.W.2d 497, 503 (Tex.App.-Waco 1997,
pet. denied) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

*Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 84 (Tex.1992). . . . . . . . . . 6

*Hotel Partners v. KPMG Peat Marwick*, 847 S.W.2d 630, 632 (Tex.App.-Dallas
1993, writ denied) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . 6

*Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 585 (Tex. 2007). . . . . 4,5

*Moncrief Oil Int'l Inc. v. OAO Gazprom*, 414 S.W.3d 142, 150 (Tex. 2013). . . .2,3

*Scholz v. Heath,* 642 S.W.2d 554, 559 (Tex.App.-Waco 1982, no writ) . . . . . . . . .5

SITQ E.U. Inc. v. Reata Restaurants, Inc. 111 S.W 3rd 638 (Tex. App.-Fort Worth,
2005 pet den.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

*Templeton v. Dreiss,* 961 S.W.2d 645, 656 n. 8 (Tex.App.-San Antonio 1998, pet.
denied.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

Tex. Civ. Prac. & Rem. Code Ann. § 17.042 (West 2008). . . . . . . . . . . . . . . . . . .3,4

## STATEMENT OF FACTS

Ricco Family Partners filed a suit for quiet title on February 14, 2014 to resolve any issues related to the foreclosure Lot 8R Block A of Corporate Squate in Denton County, Texas. (CR 50 ¶12). Christopher Hoskins and Dennis Eckel are the limited partners in Vista Ridge Ltd. (Vista) and were originally named in the suit as parties of interest. (CR 5). Ricco had previously foreclosed on the property of which Vista, Hoskins and Eckel were liable on the note. (CR 50 ¶12). Vista, Hoskins, and Eckel represented to Ricco that at the time of the foreclosure Zimba Capital had a second lien on the property. (CR 6). Vista, Hoskins and Eckel were served with Ricco's Original Petition (CR 5) and answered the suit with Absolute and Unconditional Disclaimers of any interest in the property in question. (CR 12, 15). Hoskins and Eckel did not file special appearances when they answered the Original Petition with their disclaimers. (CR 12, 15).  Unknown to Ricco, Hoskins and Eckel agreed to extend and modify Vista's, their limited partnership, original note to the second lien holder Zimba and claim it had been informally transferred to Maracom prior to the foreclosure. CR 6) . This was in spite of the fact that Hoskins and Eckel had no personal liability for Vista's note to Zimba and both Zimba and Maracom knew Vista was insolvent. (CR 51 ¶22). Zimba's claim had been extinguished by the foreclosure and now Maracom was claiming a lien in excess of l million dollars.(CR 51¶22).

1

Hoskins and Eckel were then named as defendants when it was learned that they had participated in a scheme to cloud Ricco's title to the very property they lost in foreclosure.

## SUMMARY OF ARGUMENT

Specific jurisdiction over Hoskins and Eckel is proper due to their contacts with Texas including entering in to contracts with Texas residents, making false representations as to who the second lien holder on the property was to Ricco, and engaging in actions with Maracom designed to harm Ricco's financial interest in Texas property. The Court's conclusions of law were supported by the evidence and jurisdiction over Hoskins and Eckel does not offend notions of fair play and substantial justice.

## ARGUMENT AND AUTHORITIES

### I. Standards of Review

Whether a trial court has personal jurisdiction over a nonresident defendant is a question of law that will be reviewed de novo. *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 414 S.W.3d 142, 150 (Tex. 2013). If the trial court issues findings of fact and conclusions of law on its denial of a special appearance, the appellant may challenge the fact findings on legal and factual sufficiency grounds, and we may review those fact findings for both legal and factual sufficiency. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). The plaintiff bears

the initial burden of pleading sufficient allegations to bring a nonresident defendant within the provisions of the long-arm statute. *Id*. At 179. A defendant challenging a Texas court's personal jurisdiction over it must negate all jurisdictional bases. *Id* at 149. If the plaintiff pleads fails to plead facts bringing the defendant within the reach of Texas's long-arm statue, the defendant only need prove that he does not live in Texas to meet the burden to negate jurisdiction. *George v. Deardorff*, 360 S.W.3d 683, 687 (Tex. App.—Fort Worth 2012, no pet.).

## II.    In Personam Jurisdiction over Hoskins and Eckel Was Established by Ricco's Allegations

Specific jurisdiction exists when the claim arises from or is related to activities purposefully conducted in the forum state. *Moncrief*, 414 S.W.3d at 150. Thus, to have minimum contacts for purposes of specific jurisdiction, a nonresident defendant must by some act have purposefully availed itself of the privileges of conducting activities. *Id.* Texas's long-arm statute authorizes Texas courts to exercise personal jurisdiction over a nonresident defendant who "does business" in Texas. Under the statute, a nonresident "does business" in Texas if: the nonresident "[1] contracts . . . with a Texas resident and [2] either party is to perform the contract in whole or in part in this state." Tex. Civ. Prac. & Rem. Code Ann. § 17.042 (West 2008). Contracting with a Texas resident can satisfy the Texas long-arm statute as long as the acts show minimal contacts and are

3

purposeful. *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 585 (Tex. 2007).

Ricco's facts supporting jurisdiction were as follows: Ricco is a Texas Limited Partnership; Vista Ridge is a Texas Limited Partnership; Zimba is a Texas entity; Maracom is a foreign corporation doing business in Texas.

1. Hoskins and Eckel contracted with Ricco for a loan on property in Texas. (CR 49 ¶ 11 ).

2. Hoskins and Eckel informed Ricco they could no longer make payments on the loan. (CR 50 ¶11).

3. Hoskins and Eckel represented that Zimba was the second lien holder on the property. (CR 50 ¶17).

4. Foreclosure notices were sent to Vista, Hoskins, Eckel and Zimba. (CR 50 ¶12).

5. Following the foreclosure, Hoskins and Eckel agreed to a hold harmless contract with Ricco which released all of the parties of any liability related to the property. (CR 50 ¶14).

6. Hoskins and Eckel signed a quit claim deed to the property in Texas. (CR 50 ¶14).

7. Hoskins and Eckel both filed in this law suit statements of disclaimer to the property without filing a special appearance. (CR 12, 15).

8. Hoskins and Eckel contracted with Maracom in 2014 through Vista to expand, modify, and extend the original note with Zimba (Texas Corporation) to Maracom. (CR 51 ¶ 22).

9. Vista was insolvent. Neither Zimba nor Maracom had made any attempt to collect from Vista, Hoskins, or Eckel before or after the foreclosure and renewal of the note. (CR 51 ¶ 22).

10. Vista, Hoskins, and Eckel's actions in renewing this note to Maracom furthered Maracom's claim that the property now had l million dollar lien and Maracom was the lien holder. (CR 51 ¶ 22).

Ricco plead sufficient facts to subject Hoskins and Eckel to Texas jurisdiction. Hoskins and Eckel did not negate any of the numerous facts plead by Ricco. There is substantial connection between Hoskins and Eckel's activities in Texas and the operative facts of this litigation. See *Moki Mac* 221.S.E. 3d 585.

## III. The Trial Court's Conclusions of Law are Legally Correct and Are Supported by the Evidence.

Appellate courts review a trial court's conclusions of law as a legal question. *Hitzelberger v. Samedan Oil Corp.*, 948 S.W.2d 497, 503 (Tex.App.-Waco 1997, pet. denied). The appellant may not challenge a trial court's conclusions of law for factual insufficiency; however, the reviewing court may review the trial court's legal conclusions drawn from the facts to determine their correctness. *Templeton v. Dreiss,* 961 S.W.2d 645, 656 n. 8 (Tex.App.-San Antonio 1998, pet. denied. If the reviewing court determines a conclusion of law is erroneous, but the trial court rendered the proper judgment, the erroneous conclusion of law does not require reversal. *Scholz v. Heath,* 642 S.W.2d 554, 559 (Tex.App.-Waco 1982, no writ). The trial court may accept the facts plead as evidence to support its conclusions of law. See *E.L.M. LeBlanc v. Kyle*, 28 S.W.3d at 101 (Tex. App.-Texarkana 2000, pet. denied); *C-Loc Retention Sys., Inc. v. Hendrix,* 993 S.W.2d at 476 (Tex.App.-

El Paso 1999, no pet.) If a trial court enters an order denying a special appearance, and the trial court issues findings of fact and conclusions of law, the appellant may challenge the fact findings on legal and factual sufficiency grounds. See *Hotel Partners v. KPMG Peat Marwick*, 847 S.W.2d 630, 632 (Tex.App.-Dallas 1993, writ denied). For legal sufficiency points, if there is more than a scintilla of evidence to support the finding, the no evidence challenge fails. *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 84 (Tex.1992).

The trial court's conclusions of law are legally correct. Hoskins and Eckel failed to specifically deny the allegations made in Ricco's Fourth Amended Petition, instead relied on a single statement that they did not commit any tort in Texas. As such the trial court's analysis of the pleadings and the facts that those pleadings present support its conclusions of law.

Neither can Hoskins and Eckel hide behind Vista as a shield to their actions. as officers and directors, Hoskins and Eckel are not protected from liability from their own actions. *SITQ E.U. Inc. v. Reata Restaurants, Inc.* 111 S.W 3rd 638 (Tex. App.-Fort Worth, 2005 pet den.). Hoskins and Eckel's contacts with Texas due to their misrepresentations and conspiracy.

**IV.    Exercising Jurisdiction Over Hoskins and Eckel Would Not Offend Traditional Notions of Fair Play and Substantial Justice.**

Hoskins and Eckel have both conducted business in Texas since 1995. (CR 54). Hoskins and Eckel have been involved in various land and property ventures in Texas since which required their active participation and management in Texas. (CR 54). Dennis Eckel filed suit on a sworn account against Tammy Stalling in 1986, Dallas County, Cause No. 8602571A. (CR 55). Sears, Roebuck & Co. sued Hoskins and Eckel in Dallas County, Cause No. 9508182C, on a sworn account in 1995 concerning Glenbrook Townhomes and obtained a default judgment. (CR 54). In 2007 both Hoskins and Eckel individually sued Allan Mobile Homes, Inc., and American Sportman's Club in in Denton County, Cause No. 50056-367. (CR 55).

Hoskins and Eckel filed special appearances and affidavits denying they had committed any torts in Texas. (CR 31, 38). Hoskins and Eckel did not specifically deny the allegations of prior business dealings in Texas or previous lawsuits or the various allegations made by Ricco against Hoskins and Eckel in its Fourth Amended Petition. (CR 31, 38). Hoskins and Eckel have been very active in Texas since the 1990s through their various business holdings for which they maintain directorships, presidencies, and shareholder status. (CR 54). Those businesses are as follows:

1. 1995 American Properties, LLC, Texas Limited Liability Company, both Hoskins and Eckel are officers. (CR 54).

2. 1996 Glenbrook Management, Inc., a Texas Corporation, Hoskins and

7

Eckel are directors. (CR 54).

3. 1996 Brentwood Management, Inc. Texas Corporation, Hoskins and Eckel are directors. (CR 54).

4. 1997 Vista Ridge, Corporation and Ltd., organized in the State of Texas, Eckel and Hoskins are officers and directors. (CR 54).

5. 1998 Timber Creek Management, Inc., a Texas Corporation, Eckel and Hoskins are officers and directors. (CR 54).

6. 2014 Josey Lane Management, Inc., Texas Corporation, Hoskins is President, Eckel is Vice President. (CR 54).

7. 2015 Landmakers, LLC, a Texas Limited Liability Corporation, both Hoskins and Eckel are members. (CR 54).

Therefore, due to their extensive activity in Texas, it would not be an undue burden to litigate this case in Texas. Hoskins and Eckel have current real estate holdings in Texas through American Properties (CR 5 ¶ 4, 5) and Landmakers, LLC.

## PRAYER

WHEREFORE, Appellee, Ricco prays that this Court sustain the Trial Court's finding that Christopher Hoskins and Dennis Eckel are subject to Texas' jurisdiction. Appellee prays for any and all relief, in equity or at law, which it may be entitled to receive.

Respectfully submitted,
/s/cheryldsmith
Cheryl D. Smith
State Bar No. 18552910
Law Office of Cheryl D. Smith

6001 Bridge Street Suite 102
Fort Worth, Texas  76112
817-475-3034
817-288-0631 fax
Lawoffice76102@yahoo.com

ATTORNEY FOR APPELLEE

## CERTIFICATE OF WORD COUNT

I, the undersigned attorney, hereby certify and represent to the Court that this Appellee's Brief includes 1981 words as the length of the document, with every word and every part of the document counted, including headings, footnotes and quotations.  Parts of the document not included are the caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix as listed in Rule 9 of the TEX. R. APP. P.

/s/cheryldsmith
Cheryl D. Smith

**CERTIFICATE OF SERVICE**

A true and correct copy of Appellee's Brief was served on Appellant according to the Texas Rules of Appellate Procedure, this 20th day of October, 2015, by e-service through the Pro Doc e-Filing service.

/s/cheryldsmith
Cheryl D. Smith
